**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LORNA R. DORRELL, | No. 14-17373 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01227-CMK |
| v. | |
| CAROLYN W. COLVIN, Commissioner Social Security Administration, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted October 19, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and BEA and IKUTA, Circuit Judges.

Lorna Dorrell appeals the district court's order granting the Social Security

Commissioner's cross-motion for summary judgment and denying disability

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

insurance benefits under Title II of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court judgment.

First, substantial evidence supported the administrative law judge's ("ALJ") determination that Dorrell's depression was not medically severe. Although the record established that Dorrell had a long history of depression, the record also established that her depression was treatable and responsive to medication.

Second, the ALJ gave specific, clear, and convincing reasons for finding Dorrell less than credible as to the severity of her migraine headaches. In particular, the ALJ noted that the migraine symptoms Dorrell described appeared exaggerated given her daily activities and the significant gaps in treatment for Dorrell's migraines as reflected in the record. *See Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (listing factors "that an ALJ may consider in weighing a claimant's credibility" to include inconsistencies between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment).

Third, the ALJ fairly represented Dorrell's sister's testimony. Taken as a whole, Dorrell's sister's observations corroborated other accounts of Dorrell's daily activities and did not necessarily support greater residual functional limitations. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.").

2

Therefore, substantial evidence supported the ALJ's decision to exclude limitations related to depression and migraines in the hypothetical posed to the vocational expert and when assessing Dorrell's residual functional capacity. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001) ("An ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations."). Because the medical opinions that described Dorrell's severe migraines were based on Dorrell's subjective reports, no reasonable ALJ would credit the medical opinions after finding Dorrell's subjective reports of severity not credible. Any error was harmless. *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (explaining that error is harmless if the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination").

In sum, the district court properly granted the Social Security Commissioner's cross-motion for summary judgment.

**AFFIRMED.**

*Lorna R. Dorrell v Colvin  14-17373*

THOMAS, Chief Judge, dissenting:

Although the ALJ's findings that Dorrell's depression was not severe

enough to prevent her from working was supported by substantial evidence and

free from legal error, the ALJ did not explain the decision to exclude Dorrell's

migraine headaches from the limitations in the residual functional capacity in spite

of evidence in the medical records indicating that Dorrell had severe migraine

headaches.  This failure to provide a reasoned basis for rejecting two treating

physicians' opinions regarding Dorrell's headaches constituted legal error.  *See*

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) ("[T]he Commissioner must

provide 'clear and convincing reasons' for rejecting the uncontradicted opinion of

an examining physician.").  Furthermore, unless a reviewing court can "confidently

conclude that no reasonable ALJ, when fully crediting the testimony, could have

reached a different disability determination," the error cannot be harmless.  *Stout v.*

*Comm'r of Soc. Sec.*, 454 F.3d 1050, 1056 (9th Cir. 2006).  Indeed, the error was

not harmless here.

Therefore, I respectfully dissent.